IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICO GRIMES, )
)
Plaintiff, )
)
v. ) Case No. CIV-09-458-JHP-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Mico Grimes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 5, 1985 and was 24 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has no past relevant work. Claimant alleges an inability to work beginning March 25, 2005, due to limitations

3

resulting from thrombotic thrombocytopenia purpura ("TTP").

**Procedural History**

On March 28, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 20, 2008, an administrative hearing was held before ALJ Deborah Rose in Tulsa, Oklahoma. On January 22, 2009, the ALJ issued an unfavorable decision on Claimant's application. On September 22, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform at all exertional levels with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to

properly weigh the medical opinions; (2) failing to properly assess Claimant's RFC; (3) finding Claimant could perform other work; and (4) engaging in a faulty credibility analysis.

**Treating Physician's Opinion Evidence**

Claimant asserts the ALJ failed to consider the opinion of Claimant's treating physician, Dr. James N. George, an authority on TTP. Claimant was diagnosed with TTP[2] in April of 2005. Dr. George began treating Claimant at that time and, because of Claimant's financial constraints, maintains contact with Claimant every three months. (Tr. 337). On November 3, 2008, Dr. George completed a medical source statement. Because Dr. George had not examined Claimant recently at that time, he did not provide an opinion on the functional limitations brought about by Claimant's condition. (Tr. 338). He did indicate Claimant suffers from persistent or relapsing fatigue that is of new or definite onset, is not the result of ongoing exertion and results in substantial reduction in previous levels of occupational, educational, or social, or personal activities. He opined the fatigue was as a result of the neurocognitive abnormalities brought about by Claimant's TTP. Dr. George also indicates that no current

---

According to Claimant's medical authorities, TTP is a rare blood condition that causes blood clots to form in small blood vessels in the body.

5

medication for this condition exists. Dr. George also states that Claimant would experience this fatigue "frequently" in a typical workday. (Tr. 337). He also estimates Claimant would be absent from work as a result of this impairment more than four days per month. (Tr. 339).

In her decision, the ALJ recognized Dr. George's statement but takes nothing from it. She did not recognize any of the functional limitations imposed by Dr. George or the fact he found neurocognitive abnormalities arising from TTP. The ALJ's consideration of Dr. George's opinion was inadequate. In evaluating the opinions of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors

provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). On remand, the ALJ shall consider the totality of Dr. George's statement and the weight it should be

7

afforded.

The ALJ's consideration of the consultative physician, and Dr. Linda Craig, a licensed health services psychologist, is also suspect. On May 8, 2007, Dr. Craig evaluated Claimant's mental status and provided a report. Dr. Craig found Claimant's mood to be depressed and anxious, affect congruent. He denied suicidal ideations. Immediate memory appeared intact but his short term memory was compromised. Long term memory was intact. Judgment was deemed fair, though his insight was poor. His intelligence was estimated as low-average. Dr. Craig diagnosed Claimant at Axis I: Major Depressive Disorder, Recurrent, Moderate; Axis II: Deferred; Axis III: Patient complained of chronic pain, TTP, diabetes; Axis IV: Financial problems, medical problems; Axis V: Current GAF of 50, GAF of 55 in the past year. Dr. Craig found Claimant was not malingering. She concluded Claimant's ability to work was moderately impaired with respect to understanding complex instructions, remembering instructions, sustaining focus and concentration, and socially interacting with co-workers or the public. (Tr. 301-03).

In her decision, the ALJ acknowledged Dr. Craig's report and the findings as to understanding, concentration, and social interaction. (Tr. 21). She did not, however, note the memory

deficits found by Dr. Craig. Further, the ALJ's hypothetical questioning of the vocational expert understated many of these limitations without subsequent justification in her written decision. (Tr. 47-49). An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. 20 C.F.R. § 404.1527(d); Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). An ALJ is also required to consider the factors set forth at 20 C.F.R. §§ 404.1527(d) and 416.927(d) in evaluating the weight given to any medical opinion. On remand, the ALJ shall consider the totality of the limitations provided by Dr. Craig or set forth her justification for failing to do so.

### RFC Determination and Finding of Work

Since this Court has found the ALJ did not give adequate consideration to the opinions of Drs. George and Craig, the ALJ shall also re-evaluate her RFC assessment on remand after considering all of this medical evidence. Additionally, the ALJ shall reconsider her hypothetical questioning to the vocational expert to include all of Claimant's limitations, considering these physicians' opinions.

### Credibility Determination

The ALJ found Claimant's testimony was not entirely credible as to the severity of his fatigue, swelling, pain, and other symptoms. (Tr. 21-22). One of the primary reasons for this rejection was that Claimant had not been hospitalized since 2006. (Tr. 22). These findings appear to overlook the irregular nature of Claimant's condition as found by Dr. George and the effect upon Claimant outside the measure of hospitalizations. The ALJ shall re-evaluate Claimant's credibility after giving full and due consideration to the medical opinions and the limitations contained in them.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court

based on such findings.

DATED this 16th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE